UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

John Geraci,

Defendant.

18-cr-715 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant John Geraci filed a motion seeking compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

**I.    Background**

The Government indicted Mr. Geraci with four counts, for investment adviser fraud, securities fraud, wire fraud, and conspiracy to commit securities fraud and wire fraud. Dkt. No. 12. On October 3, 2019, Mr. Geraci pled guilty to Count Four, conspiracy to commit securities fraud and wire fraud in violation of 15 U.S.C. §§ 78j, 78ff, and 18 U.S.C. § 1343. Dkt. No. 60. Mr. Geraci was responsible for a loss to investors in excess of $1 million and misappropriated more than $800,000 of investors' funds. Final Presentence Investigation Report ("PSR") ¶¶ 17, 21, Dkt. No. 62. The Court on January 23, 2020, imposed a sentence of 24 months' imprisonment, which fell at the bottom of the Guidelines range, followed by 3 years' supervised release. Sentencing Tr. at 26–27, Dkt. No. 74; Judgment, Dkt. No. 72.

Following his sentencing, Mr. Geraci was ordered to surrender to federal custody on March 23, 2020. Judgment at 2. But because Mr. Geraci required time to treat his medical

conditions and in light of the COVID-19 pandemic, the Court granted a series of requests to extend that date. *E.g.*, Dkt. Nos. 78, 82, 84, 86, 88, 90, 92, 98, 103. Mr. Geraci ultimately surrendered, and began his sentence, on May 19, 2021. Dkt. No. 105.

Mr. Geraci is incarcerated at Coleman Low FCI with a projected release date of January 12, 2023. He made an administrative request for compassionate release to the warden on August 6, 2021, which was denied on August 19, 2021. Geraci Br. at 2, Dkt. No. 107. Acting pro se, Mr. Geraci filed the present motion for compassionate release on October 5, 2021. The Government filed an opposition on October 14, 2021. Dkt. No. 111. The Court permitted Mr. Geraci to file a reply by October 20, 2021, Dkt. No. 108, but it has not received one.

## II.     Discussion

Subsection 3582(c) of title 18 provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the First Step Act of 2018, 132 Stat. 5194, 5239, defendants may seek a sentence reduction in court after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).

This Court has previously found that the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Gross*, 452 F.

Supp. 3d 26, 30 (S.D.N.Y. 2020). Mr. Geraci has several conditions that put him at greater risk of complications from COVID-19, including that he is 64 years old, obese, and has conditions that affect his breathing, including chronic obstructive pulmonary disease and reduced lung capacity. Geraci Br. at 2–3 (as corroborated in Mr. Geraci's confidential medical records).

But several facts counsel against finding extraordinary and compelling circumstances for release. First, Mr. Geraci tested positive for COVID-19 in August 2021, before he filed this motion. *Id.* at 2. Mr. Geraci reports that his sense of taste and smell had not returned 17 days after his 10-day quarantine, but neither he nor his medical records identify longer-term complications. *Id.* Having previously recovered from COVID-19 cuts against an extraordinary need to release Mr. Geraci for the risk of a future infection. *United States v. Pena*, No. 18-CR-640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021). Second, Mr. Geraci is vaccinated, which, notwithstanding his positive case, is a highly effective means to prevent the most severe effects of COVID-19. *See United States v. Mena*, No. 16 CR. 850 (ER), 2021 WL 2562442, at *3 (S.D.N.Y. June 23, 2021); *United States v. Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021). And third, though BOP initially struggled to contain the spread of COVID-19 in FCI Coleman Low, Geraci Br. at 3–4, the facility has since managed to reduce its cases. *United States v. Lobo*, No. 15 CR. 174-01 (LGS), 2021 WL 603267, at *3 (S.D.N.Y. Feb. 12, 2021); *United States v. Beigali*, No. CR 07-20490, 2021 WL 3560889, at *1 (E.D. Mich. Aug. 12, 2021). Currently, there are zero reported cases of COVID-19 among both staff and incarcerated individuals at FCI Coleman Low; the nearby FCI Coleman Medium has 13 reported cases among incarcerated individuals and none among staff. *See COVID-19 Cases*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (accessed December 21, 2021).

Even if Mr. Geraci presented an extraordinary and compelling reason for release, that is

only the first requirement for a sentence reduction. *United States v. Acosta*, No. 17-CR-712 (AJN), 2021 WL 2895840, at *2 (S.D.N.Y. July 9, 2021). Because this Court sentenced Mr. Geraci, it is intimately familiar with how the § 3553(a) factors apply to his case. The Court concludes that a sentence reduction would be inconsistent with the factors in § 3553(a).

First, the Court considers the nature of Mr. Geraci's offense and the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As the Court stated at sentencing, Mr. Geraci's offense was serious, resulted in substantial losses to investors, and required repeated and self-interested lies. Sentencing Tr. at 23–24. Second, the Court must consider whether releasing the Defendant would "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). Mr. Geraci has served approximately 30 percent of his 24-month sentence. Granting him release now "would undermine the goals of sentencing." *United States v. Gotti*, No. 02 CR 743-07 (CM), 2020 WL 7706828, at *4 (S.D.N.Y. Dec. 29, 2020); *United States v. Mateo*, No. 17 CR 305 (NSR), 2021 WL 2480171, at *2 (S.D.N.Y. June 16, 2021) (denying release where defendant had served "less than half of his . . . sentence"). Third, the Court considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mr. Geraci's similarly culpable co-defendant received and served a 30-month sentence, and granting Mr. Geraci's motion would create an unjustified disparity. Sentencing Tr. at 25–26; *United States v. Mitsakos*, 16-CR-631 (S.D.N.Y.).

Finally, the Court observes that while Mr. Geraci was sentenced before the onset of the COVID-19 pandemic, the Court nevertheless took both his age and health issues into account when determining his sentence. Sentencing Tr. at 26. And the Court extended his surrender date

by more than a year so that he could receive medical treatment and receive a COVID-19 vaccine before he began his custodial sentence. The Court concludes that Mr. Geraci's sentence already largely accounts for the circumstances of the COVID-19 pandemic.

### III.     Conclusion

For the reasons articulated above, Mr. Geraci's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion and Order to Mr. Geraci at FCI Coleman Low and note the mailing on the public docket.

SO ORDERED.

Dated: December 21, 2021
       New York, New York

ALISON J. NATHAN
United States District Judge